IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KURUVILLA EDUKUTHARAYIL, ) <br> d/b/a Suprita, Inc., Famy, Inc., ) <br> Jameskuttan, Inc., Suryakuttan, Inc., ) <br> Aliyans, Inc., and Minnara, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FEDERAL DEPOSIT INSURANCE ) <br> CORP., as receiver and successor ) <br> in interest to Broadway Bank, ) <br> a failed depository institution, ) <br> ) <br> Defendant. ) | Case No. 12 C 6254 |

## ORDER DENYING MOTION TO DISMISS

MATTHEW F. KENNELLY, District Judge:

Kuruville Edukutharayil (plaintiff), doing business as a number of named entities, has sued the FDIC in its capacity as receiver and successor in interest to Broadway Bank. In August 2004, plaintiff entered into a contract to sell a number of parcels of real estate. He disclosed that three of the properties were contaminated with hydrocarbons and agreed to deposit $300,000 of the sale proceeds in escrow, to be held by Broadway Bank pending plaintiff's successful completion of a process to obtain no-action letters from the Illinois EPA. Plaintiff ultimately obtained a no-action letter for one of the properties and expects to obtain the others shortly.

In April 2010, Illinois regulators closed Broadway Bank and appointed the FDIC as its receiver. Plaintiff says he received no notice of this or about submitting a claim to the FDIC to recover the $300,000. He says he learned about the bank's closing and the

FDIC's appointment in April 2011 and submitted a claim after that. The claim form is dated July 21, 2011. The FDIC disallowed the claim in a letter dated August 16, 2011.

On September 28, 2011, Rodney Simon (plaintiff's brother-in-law and one of his investors), who plaintiff says was a representative authorized to act on his behalf, e-mailed an FDIC representative named Kirk Kelley and asked questions about the status of the $300,000. Simon noted that Kelley had previously advised him that Broadway Bank had applied the escrow account to a loan in December 2009; Simon said that this had never been authorized by the account holders. The e-mail further noted that the escrow funds had been kept in three separate accounts that were FDIC insured. Simon's e-mail referred to the notice of disallowance and said, "[p]lease consider this an appeal or let us know how else to proceed so we don't miss [the 60 day] deadline." Compl., Ex. E.

Kelley responded on October 11, 2011. He stated that he was "waiting on a response from our Legal Division" and told Simon, "Please accept this as my acknowledgement that the 60 day term to respond is on hold until I hear back from Legal." *Id.* On December 1, 2011, Simon e-mailed Kelley to ask if he had "heard from Legal as yet." Kelley replied that the FDIC had initiated a more in depth review by MB Financial, which evidently had taken over Broadway Bank's assets and liabilities, and he told Simon to "give it til Monday." *Id.*

Simon e-mailed Kelly on December 15, asking if there was any update. Kelley replied the same day, stating that he had not heard back from the MB Financial who was supposedly looking into the matter. Kelley also stated that the matter had been transferred to the FDIC's Dallas office; gave Simon that office's contact information; and

2

said, "I cannot advise you as to what action to take but I hope that you can get to the bottom of the scenario." *Id.* Simon expressed disappointment and asked Kelley to confirm by mail that the deadline was extended. On December 19, 2011, Kelley responded, somewhat cryptically, that the claim as Simon had presented it was a "'Deposit Claim' of sorts" because it involved a deposit that MB Financial claimed had been applied to a loan prior to its assumption of Broadway Bank's assets and liabilities. Kelley stated that "[y]our claim is NOT a Non Deposit Claim (NDC) which relates to funds due for services rendered. There is no time frame exclusion for Deposit Claims." *Id.*

Plaintiff filed this suit on August 8, 2012. The FDIC has moved to dismiss. Its first argument is that subject matter jurisdiction is lacking because plaintiff missed the sixty day statutory deadline for filing suit. The deadline runs from the earlier of the 180th day after the claim was filed or the day of a notice of disallowance. *See* 18 U.S.C. § 1821(d)(6). The earlier of those two dates is sixty days after August 16, 2011, or October 15, 2011. Though the FDIC's motion calls the 60 day deadline a "statute of limitations," Def.'s Mot. ¶ 3, it contends that the deadline is jurisdictional. *But see Sebelius v. Auburn Regional Med. Ctr.*, No 11-1231, slip op. at 8 (S. Ct. Jan. 22, 2013) ("filing deadlines ordinarily are not jurisdictional"). The FDIC's second argument is that based on its representative Kelley's e-mail, it is apparent that the $300,000 was applied to the balance of a loan prior to the failure of Broadway Bank, and thus there is no basis for a claim against the FDIC as receiver.

### Discussion

The Court need not determine whether the time limit on filing suit found in 12

U.S.C. § 1821(d)(6)(B) is "jurisdictional," as the FDIC argues, or whether it is subject to equitable tolling or equitable estoppel, as plaintiff argues. Plaintiff's suit is, quite simply, not untimely. Indeed, if anything it is premature. Under section 1821(d)(6)(A), plaintiff was entitled to seek agency review of the disallowance under section 1821(d)(7)(A) or (B) within the sixty days following notice of disallowance. Plaintiff has shown, sufficiently for present purposes at least, that he did exactly that: Simon's September 28, 2011 e-mail, which expressly stated that it was an appeal, was well within the sixty day period following issuance of the notice of disallowance. The FDIC argues in its reply that the e-mail was insufficiently specific to amount to a request for administrative review. It does not cite, however, any authority so holding or any statute, regulation, or procedure that prescribes any particular format for "request[ing] review," which is all that section 1821(d)(7)(A) requires. The FDIC thus as forfeited this point, at least for purposes of the present motion to dismiss.

The FDIC also argues that even if the September 28 e-mail amounted to a request for administrative review, the process ended with Kelley's December 19, 2011 e-mail, and plaintiff did not file suit within sixty days after receiving that e-mail. Kelley's e-mail, however, is anything but a final determination of the administrative appeal. Rather, Kelley essentially strung plaintiff along for several months and then passed the matter off to the FDIC's Dallas office. The e-mail does not amount to a "final determination" of the claim by the FDIC. In sum, the FDIC's argument that the suit is untimely lacks merit.

It may be that the upshot of the Court's ruling on this point is that plaintiff's lawsuit is premature, because his administrative appeal has not yet been finally

determined. But that is not the argument the FDIC has made, and the Court does not intend to do the defendant's work for it.

The FDIC also argues that plaintiff has failed to state a claim. It appears to assume that by attaching Kelley's correspondence to the complaint, plaintiff has adopted as his own the representations that Kelley made on the FDIC's behalf – in particular Kelley's relaying of the contention by MB Financial that the deposit had been applied to a loan balance prior to its assumption of Broadway Bank's assets and liabilities. The FDIC has offered no legal basis for its contention that plaintiff should be deemed to have conceded this point, and the Court is aware of none. The Court therefore rejects the FDIC's argument.

## Conclusion

For these reasons, the Court denies defendant's motion to dismiss [dkt. no. 10] and directs defendant to answer the complaint within fourteen days, by February 6, 2013. The case remains set for a status hearing today for the purpose of setting a pretrial schedule and discussing further the issue of prematurity.

                                                                            _____
                                                                            MATTHEW F. KENNELLY
                                                                            United States District Judge

Date:  January 23, 2013